TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (Cal. Bar No. 155505)
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535/3505
    Facsimile: (714) 338-3708/3561
    E-mail:   greg.staples@usdoj.gov
              benjamin.lichtman@usdoj.gov
              bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 16-00076-JVS |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT GLENN MELVIN DIAMOND III |
| v. | |
| GLENN MELVIN DIAMOND III, | Date: November 1, 2021<br>Time: 10:30 a.m. |
| Defendant. | |

The government submits its sentencing position for defendant Glenn Melvin Diamond III.

Dated: October 14, 2021    /s/ *Benjamin D. Lichtman*
                                      GREGORY W. STAPLES
                                      BENJAMIN D. LICHTMAN
                                      BRADLEY E. MARRETT
                                      Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**I. INTRODUCTION**

For the reasons discussed below, the government recommends a sentence of one day of imprisonment (which has already been served) followed by a three-year term of supervised release, including a four-month period of home detention, and a $100 special assessment. The government believes restitution is impractical in this case and therefore does not recommend an order for restitution.

**II. BACKGROUND**

On June 22, 2017, defendant pleaded guilty to Count Nineteen of the Indictment, charging him with mail fraud, in violation of 18 U.S.C. § 1341.

Beginning in at least May 2011, defendant operated a telemarketing business called Specialty Business Center ("SBC"). SBC sold toner for printers and copiers by cold-calling businesses across the United States. During the sales calls, prospective customers were led to believe they were speaking with their normal supplier of toner and were told there had been a price increase for toner, but if an order was placed that day, the lower price could be locked in. In fact, SBC was not the prospective customers' regular supplier, and the claimed price increase was not true. (Plea Agreement, CR 382, ¶ 15.) Defendant signed a service agreement with IDC Servco in 2011. (PSR ¶ 71.)

**III. GUIDELINES CALCULATIONS**

The government calculates the Sentencing Guidelines as follows:

Base offense level:     7        U.S.S.G. § 2B1.1(a)(1)
More than 10 victims:   +2       U.S.S.G. § 2B1.1(b)(2)(A)

1

It is not possible to precisely determine loss in this case, which spanned decades and involved thousands of victims. It is for this reason the government does not believe restitution is practical in this case. However, in accordance with the plea agreement, the government urges the Court to apply a 12-level loss adjustment corresponding to a loss of no more than $550,000. After a three-level reduction for acceptance of responsibility, which the government recommends, this would yield an offense level of 18, prior to any downward departure for defendant's substantial assistance.

Probation has determined that defendant is in criminal history category I. (PSR ¶ 102.) The government has no objection to Probation's calculation of defendant's criminal history. The resulting sentencing range for an offense level 18 and criminal history category I is 27-33 months.

In addition, defendant is subject to an additional five years in prison because the crime involved telemarketing. 18 U.S.C. § 2326. For the reasons discussed below, the government believes a sentence of one day of imprisonment (which has already been served) followed by a three-year term of supervised release, including a four-month period of home detention, satisfies the sentencing goals of 18 U.S.C. § 3353, taking into account defendant's substantial assistance to the government.

**IV. GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE**

A. <u>Defendant's Substantial Assistance Warrants an Eight-Level Downward Departure</u>

Pursuant to U.S.S.G. § 5K1.1, upon motion of the government, the Court may depart from a guideline sentence to reflect a defendant's

substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate offense level reduction where a defendant provides such assistance. The government believes defendant has satisfied the criteria set forth in the guidelines, and, in recognition of that substantial assistance, moves for a downward departure of eight levels.

Defendant's cooperation was timely. Defendant entered into an early cooperation plea agreement with the government in May 2017. Defendant proffered with the government on multiple occasions, provided information on the operation of the fraud scheme, and testified at trial. The government found defendant's information to be truthful, accurate, and complete. While the government does not believe defendant faced any credible threat as a result of his cooperation, the government views his testimony, as well as that of the other sales room owners who testified, as critical evidence in the case.

In sum, defendant's cooperation was useful and timely, and his testimony and information contributed substantially to the guilty verdicts against the defendants who proceeded to trial in this case. Accordingly, the government recommends an eight-level departure under Section 5K1.1.

**V. GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on a pre-departure guidelines range of 33-41 months (based on its calculated offense level of 20), Probation recommends a sentence of 30 months, which is the equivalent of a one-level downward variance. (Rec. Ltr., CR 1279 at 2.) Probation bases its

downward variance recommendation on defendant's performance on pretrial release, his employment and support of his children. (Rec. Ltr., at 5-6.)

If the Court grants the government's requested eight-level downward departure (from the government's calculated offense level of 18), it would result in an offense level of 10, with an advisory guidelines range of 6-12 months in Zone B. The government agrees that a downward variance is appropriate for the reasons cited by Probation. The government recommends that the Court impose a sentence of one day of imprisonment (which has already been served) followed by a three-year term of supervised release, including a four-month period of home detention. This sentence is at the low end of the applicable advisory guideline range accounting for defendant's substantial assistance and is equivalent to a one-level downward variance from that range.

The USPO finds that defendant is unable to pay a fine. (PSR ¶ 137.) The government defers to the USPO's finding.

The government's recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct, his employment history, and his efforts to support his family.
(PSR ¶¶ 107-130.)

The government is mindful that the offense in this case was serious. However, the government believes it was the willingness of the sales room owners to testify that finally put a halt to a conspiracy the plagued small businesses and charities for decades.

Civil suits, including suits by the FTC and various state Attorneys General, did not stop the scheme. It was only the criminal convictions in this case that finally did so. The testimony of defendant and the other sales room owners was, in the government's view, critical evidence in reaching that goal. Balancing the seriousness of the offense against the value of defendant's cooperation and the sentences in this case thus far, the government believes a sentence of home detention does not fail to account for the seriousness of the offense, provide for a just punishment, and avoids sentencing disparity.

With respect to deterrence, the government does not believe defendant will reoffend. As to general deterrence, the government believes the custodial sentences imposed thus far by the Court for defendants who proceeded to trial further that goal.

The government also believes the recommended sentence is consistent with sentences already imposed in this case, and with the recommendations the government is making for the remaining defendants. In particular, defendant Cadena, who owned a sales room, agreed to cooperate but did not testify, received a sentence of 8 months in custody. Defendant Williams, who did not own a sales room but managed rooms for other owners and trained employees to use the deceptive pitch, was convicted at trial and received no jail time. The government believes defendant, given his testimony at trial, should not serve a longer sentence than a non-testifying cooperator or a trial defendant, even if the trial defendant was not a sales room owner.

**VI.  CONCLUSION**

Based on the foregoing, the government recommends that this Court impose a sentence of one day of imprisonment (which has already been served) followed by a three-year term of supervised release, including a four-month period of home detention and the conditions noted in the Presentence Report.  In addition, defendant should be ordered to pay a $100 special assessment.